IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TITUS THOMAS,  \*
    Plaintiff,
                                   \*
    v.                                        CIVIL ACTION NO. AW-09-3133
                                   \*
SGT. HUFF, et al.,
    Defendants.                   \*
                                \*\*\*\*\*\*

## **MEMORANDUM OPINION**

On November 23, 2009, the Court received Plaintiff Titus Thomas's civil rights complaint. Paper No. 1. Thomas, incarcerated at the Western Correctional Institution ("WCI"), alleged that Correctional Officers Huff, Allison, Hinckley. Linbird and Winebrenner conspired to harass him. Plaintiff contends that these Defendants have joined in an ongoing conspiracy occurring throughout the Division of Correction between correctional staff and inmates to harass him. *See Thomas v. Bell*, Civil Action No. AW-08-2156 (D. Md. 2008), *Thomas v. Etim*, Civil Action No. AW-08-3487 (D. Md. 2008), *Thomas v. Juknelis*, Civil Action No. AW-09-1984 (D. Md. 2009), and *Thomas v. Willis*, Civil Action No. AW-09-2051 (D. Md. 2009). Specifically, Plaintiff alleges he was subjected to an unlawful strip search and "illegal torture tactics" on an unspecified date and the harassment was racially motivated. Paper No. 1.

Defendants have filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 10. Plaintiff has filed an opposition. Paper No. 12. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### **Background**

As recounted by this Court in the Memorandum Opinion dismissing Plaintiff's previously

filed civil rights cases,[1] Plaintiff's claims that correctional personnel at various institutions were conspiring to kill him were referred to the Department of Public Safety and Correctional Services Internal Investigative Unit ("IIU") for investigation. After a four- month investigation in which each named alleged conspirator and inmate was interviewed and medical records, adjustment records, transfer records, administrative remedy requests, and the like were reviewed, the investigator concluded that there was no evidence that any staff or inmates were conspiring to "do or procure any plan to do harm to inmate Titus Thomas." The medical records reviewed during the internal investigation, and attached thereto, indicate that Plaintiff suffers from "fixed paranoid delusion."

Plaintiff has filed administrative remedy request concerning harassment at WCI, specifically that the police are out to get him and that "hits" have been placed on him.. He has not filed any ARP concerning a strip search or torture. Paper No. 10, Ex. A.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

---

[1] *See* Paper Nos. 50 and 51, *Thomas v. Bell*, Civil Action No. AW-08-2156 (D. Md. 2008).

2

that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

**A. Exhaustion**

The Court must first examine Defendants' assertion that Plaintiff's case should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA

or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *see also Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

It is clear that Plaintiff failed to exhaust his specific allegations regarding the alleged strip search and "torture." Paper No. 10, Ex. A. Plaintiff did file ARPs regarding the alleged conspiracy, but more importantly, an internal investigation was ordered which appears to have taken this claim

4

out of the typical administrative remedy process. Given the information before the Court, the Court cannot say that Plaintiff failed to exhaust his "available" remedies by submitting to the internal investigation process regarding his claims of conspiracy.[2]

**B.     Conspiracy**

As noted above, as a result of Plaintiff's repeated allegations of conspiracy amongst correctional staff throughout the Division of Correction, an internal investigation was ordered. The investigative officer interviewed each named correctional employees as well as inmates alleged by Plaintiff to be participants in the conspiracy. Plaintiff was also interviewed and his institutional records scrutinized. Many of the correctional employees had no knowledge of Plaintiff. Others knew Plaintiff simply by being assigned to the same housing unit. Still others recalled specific issues with Plaintiff such as writing him an infraction. Each individual denied conspiring to cause Plaintiff harm. Likewise, the inmates interviewed denied any knowledge of a conspiracy to solicit other inmates to harm Plaintiff.    Paper No. 18, Ex. A, Civil Action No. AW-09-1984. Simply stated, no evidence was adduced in support of Plaintiff's claim. To the contrary, Plaintiff's medical records suggest that he suffers from paranoia and delusions. *Id*.

To establish a civil conspiracy under § 1983, Plaintiff must present evidence that Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir.1996). An essential element for a claim of conspiracy to deprive Plaintiff of a constitutional right is an agreement to do so among the alleged co-conspirators. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir.1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh*

---

[2] DOC does not permit prisoners to pursue ARP claims for matters referred to the Internal Investigation Unit. *See*

*Volkswagon v. First Nat'l Bank*, 639 F.2d 1073, 1075-76 (4th Cir.1981). Plaintiff must allege facts establishing that Defendants shared a "unity of purpose or a common design" to injure him. *Am. Tobacco Co. v. United St*ates, 328 U.S. 781, 809-10 (1946). A conclusory allegation of a conspiracy such as is made in this case is insufficient to state a claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2nd Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) ("allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted); *Langworthy v. Dean*, 37 F. Supp.2d 417, 424-25 (D. Md). In the instant case, Plaintiff has failed to allege facts sufficient to conclude that there was an agreement between any of the named Defendants to deprive Plaintiff of his constitutional rights.

## Conclusion

Defendants' Motion for Summary Judgment (Paper No. 10) is granted. Judgment shall be entered in favor of these Defendants and against Plaintiff. A separate order follows.

Date: July 29, 2010     _____/s/_____
　　　　　　　　　　　　　　　Alexander Williams, Jr.
　　　　　　　　　　　　　　　United States District Judge

---

*Davis v. Rouse,* WDQ-08-3106, Paper No. 23, Ex. B-1.